**Fung Tjie LU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 04–70802, A79–194–170.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

___

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, M. Jocelyn Wright, Esq., Larry P. Cote, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Fung Tjie Lu, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' decision, which affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

___

** This disposition is not appropriate for publication and may not be cited to or by the

■ We lack jurisdiction to review the IJ's determination that Lu's asylum application is time-barred, and accordingly we dismiss the petition for review as to the asylum claim. *See Hakeem v. INS,* 273 F.3d 812, 815–16 (9th Cir.2001); 8 U.S.C. § 1158(a)(3).

■ We have jurisdiction pursuant to 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence the IJ's decision to deny withholding of removal, *Hakeem,* 273 F.3d at 816 (9th Cir.2001), and relief under CAT, *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003).

Substantial evidence does not compel a reasonable adjudicator to conclude that it is more likely than not that Lu would be persecuted if she returned to Indonesia. *See Hakeem,* 273 F.3d at 816–17. Moreover, on the record before us, Lu did not establish that Indonesian Christians or Indonesian ethnic Chinese are subject to the systematic government-sanctioned mistreatment that is required to demonstrate a "pattern or practice" of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994); 8 C.F.R. § 208.13(b)(2)(iii)(A). Accordingly, Lu failed to establish eligibility for withholding of removal. *See Hakeem,* 273 F.3d at 816–17.

Substantial evidence supports the IJ's denial of Lu's CAT claim. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), Lu's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.